■ ANNA KLEIN et al., Plaintiffs, v. LEO S. BUKOWSKI, Doing Business as BUFFALO BAR SUPPLIES, Defendant. LEO S. BUKOWSKI, Doing Business as BUFFALO BAR SUPPLIES, Defendant and Third-Party Plaintiff-Respondent, v. SAMUEL T. MACALUSO, JR., Doing Business as MACALUSO FIRE REPAIRS, Third-Party Defendant-Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal by third-party defendant from order of Erie Special Term denying the motion of third-party defendant for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LA PLACA, Appellant.— Order insofar as appealed from reversed. Memorandum: The County Judge who denied the order was without authority to decide the motion. All concur except Bastow and Goldman, JJ., who dissent in part in the following memorandum: We concur in the decision of the majority that the County Judge in question had no authority to resettle a record on appeal of a matter decided by another County Judge who was available to pass upon the application for resettlement. We, however, would grant the requested relief. Appellant in the basic appeal is attempting to review an order made in August, 1959 in a *coram nobis* proceeding. For more than three years he has been thwarted in his efforts to settle a record. It is now crystal clear that the Grand Jury minutes are part of the record. Upon the original hearing the District Attorney stated: "We wish to hand up to the court the grand jury minutes of Charles LaPlaca on the charge of assault 2nd degree filed Sept. 17th, 1942 * * * and the grand jury minutes of the LaPlaca murder charge dated March 15-16th." The order denying *coram nobis* relief recites as follows: "upon reading and filing * * * the grand jury minutes on the charge of Assault, second degree of September 17, 1942 * * * and the grand jury minutes on the charge of murder first degree dated March 15-16, 1943". Finally, the opinion of the County Judge conclusively demonstrates that these Grand Jury minutes were cast upon the scales to outweigh appellant's contentions. We quote therefrom (18 Misc 2d 566, 568): "The petition further alleges that the People made knowing use of Giordano's perjured testimony, claiming that Giordano has testified differently before the Grand Jury * * * Through the courtesy of the District Attorney, I have examined the Grand Jury minutes and find that the defendant's allegations are without foundation of fact. Thus this allegation is conclusively refuted by unquestionable documentary proof to the contrary." There no longer can be any doubt that these Grand Jury minutes were a portion of the record before the court when the requested relief was denied. We would clear away the underbrush that has grown up around this three-year-old appeal and direct that the Grand Jury minutes are plainly a part of the record and should be made available to appellant. (Appeal from order of Monroe County Court denying the motion of defendant to settle the record insofar as the Grand Jury minutes are concerned and granting the motion of defendant as to transcript of proceedings of plea and sentence of one Frank Manno.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.